**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**MARLYNX INVESTMENTS, LLC**,
a Michigan limited liability company,

                      Plaintiff,

v

**PLASTICS RECOVERY SYSTEMS INTERNATIONAL,
INCORPORATED**, a Michigan corporation, **RAYMOND
V. MICHAEL**, **SUZANNE MICHAEL**, **STANLEY J.
TARGOSZ, JR.**, **SURE-WELD AND PLATING RACK
COMPANY**, a Michigan corporation, d/b/a Semco, Inc.
and d/b/a Sure-Weld Engineering and Manufacturing
Company, **SEMCO, INC.**, a Michigan corporation,
**MONTIE TARGOSZ, LLC**, a Michigan limited
liability company, **GLOBAL PLASTICS RECOVERY
INCORPORATED**, a Michigan corporation and **GLOBAL
PLASTICS RECOVERY PROCESSING I, LLC**, a
Michigan limited liability company, jointly and severally,

                      Defendants.
_____/

Case No.  2:07-cv-12296
Hon. Bernard A. Friedman
Ref. Judge R. Steven Whalen

**1ST AMENDED COMPLAINT**

Plaintiff says:

1. Plaintiff is a Michigan limited liability company, the resident office of which is located within the Eastern District of Michigan.

2. Defendants Raymond V. Michael and Suzanne Michael are husband and wife, both of whom, on information and belief, formerly resided within the Eastern District of Michigan and presently reside outside of the United States of America at an unknown location.

3. Defendant Stanley J. Targosz, Jr. resides within the Eastern District of Michigan.

4. Defendant Plastics Recovery Systems International, Incorporated (PRSI), is a Michigan corporation, the resident office of which is located within the Eastern District of Michigan. PRSI is owned in part by defendant Targosz and on information and belief is no longer engaged in business.

5. Defendant Sure-Weld and Plating Rack Company (Sure-Weld) is a Michigan corporation, the resident office of which is located within the Eastern District of Michigan. The majority shareholder of Sure-Weld is defendant Targosz. Sure-Weld, at all relevant times, has conducted business using its correct name and the registered assumed names Semco, Inc. and Sure-Weld Engineering and Manufacturing Company interchangeably and without disclosure to the general public and to plaintiff in particular that they are all but one and same entity.

6. On February 24, 2004, Sure-Weld changed its name to Semco, Inc., but again, without disclosure to the general public and to plaintiff in particular, continued to use both names interchangeably.

7. Montie Targosz, LLC, is a Michigan limited liability company, the resident office of which is located within the Eastern District of Michigan. The managing member of Montie Targosz is defendant Targosz.

8. Global Plastics Recovery Incorporated (GPRI) is a Michigan corporation, the resident office of which is located within the Eastern District of Michigan. The majority shareholder of GPRI is defendant Targosz.

9. Global Plastics Recovery Processing I, LLC, is a Michigan limited liability company, the resident office of which is located within the Eastern District of Michigan. The managing member, on information and belief, is defendant Targosz.

10. As set forth below, this is an action to recover damages for violations of the Securities Act of 1933, the Michigan Uniform Securities Act and for other pendant state court claims.

11. Jurisdiction is conferred on this Court pursuant to 15 U.S.C § 77v (a), 28 USC § 1331 and 28 USC § 1367a.

12. Venue is proper in this Court pursuant to 15 U.S.C. § 77v (a) and 28 U.S.C. § 1391 because the defendants are inhabitants of and transact business in this district, the subject offers and sales took place in this district and the matter arose entirely within this district.

13. Defendants Raymond V. Michael and Targosz were the two incorporators of PRSI. At various times Raymond V. Michael and Suzanne Michael held themselves out to plaintiff as being the two 50% "partners" of PRSI. Defendant Raymond V. Michael is currently the treasurer and registered agent of PRSI. At various times defendant Targosz asserted that he was a 50% "owner" of PRSI.

14. At all relevant times, PRSI was controlled by the individual defendants, Raymond V. Michael, Suzanne Michael and Stanley J. Targosz, Jr.

15. PRSI is not now and has never been registered under any Federal or state law to act as an issuer, seller or broker for the sale of securities.

16. The individual defendants are not now and have never been registered under any Federal or state law to act as brokers, agents or sellers of securities.

17.     On October 28, 2005, the individual defendants, acting as brokers, agents or sellers on behalf of PRSI, sold to plaintiff an investment contract, entitled "Promissory Note," in the amount of $100,000, with interest at the rate of 24% *per annum*. A copy of the Promissory Note is attached to the original Complaint at Tab 1.

18.     On October 31, 2005, the individual defendants, acting as brokers, agents or sellers on behalf of PRSI, sold to plaintiff a second investment contract, entitled "Promissory Note," in the amount of $100,000, with interest at the rate of 24% *per annum*. A copy of the Promissory Note is attached to the original Complaint at Tab 2.

19.     The promissory notes were offered and sold by means and instruments which included the use of interstate commerce, including the use of telephones, to make statements of material fact that were untrue and/or omitted to state material facts which were necessary in order to make the statements, under the circumstances in which they were made, not misleading, including but not limited to the following:

> a. Falsely representing to plaintiff that the promissory notes were sound investments, devoid of speculation;
>
> b. Falsely representing that the appropriate due diligence had been performed;
>
> c. Failing to advise plaintiff that the notes were, in fact, securities required to be registered under Federal or state law, which they were not; and
>
> d. As to defendant Raymond V. Michael, falsely representing to plaintiff that the subject of the scheme was a "very promising process."

20.     To further facilitate their fraudulent and illegal scheme, defendants provided to plaintiff an "Executive Summary" and an untitled "prospectus" dated October 12, 2005.

The "prospectus" contains numerous untrue statements of material fact and omissions of material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading. The "Executive Summary" and the "prospectus" are attached at to the original Complaint at Tab 3.

21. Among the misrepresentations in the Executive Summary is the statement that defendant Raymond V. Michael owns and operates "one of the nations' largest wholesale energy businesses," a blatantly false representation relating to EnerCom Inc., which on information and belief is a Michigan corporation which shares offices with PRSI within the Eastern District of Michigan.

22. Defendant Raymond V. Michael is presently subject to an Order to Cease and Desist issued April 17, 2006, by the State of Michigan, Department of Labor & Economic Growth, Office of Financial and Insurance Services, for the unlawful sale of unregistered securities in connection with an investment scheme for the factoring of energy related accounts receivable purportedly owned by EnerCom. A copy of the order is attached to the original Complaint at Tab 4.

23. Among the numerous untrue statements of material fact and omissions of material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading are the following:

    a. The "prospectus" failed to advise investors and plaintiff in particular that the process being developed was actually being constructed by defendants Sure-Weld and/or Semco and that those entities were one and same and under the control of defendant Targosz;

b. The "prospectus" contains letters directed to Semco for the purpose of showing that an established market existed for the subject investment opportunity, but omitted the facts that the locations of Semco contained in the letters were false. Semco never had a plant located in Grant, Michigan and its Fremont, Michigan plant had closed two years prior to publication of the "prospectus" to plaintiff and others;

c. The "prospectus" omitted to advise investors and plaintiff in particular that all funds invested were intended to be paid to defendants Sure-Weld and/or Semco; and

d. The "prospectus" omitted to advise investors and plaintiff in particular that the securities were actually being marketed by an unlicensed Michigan corporation, Management Consultants International, Inc., (MCI) the very corporation which was the subject of the cease and desist order attached at Tab 4 to the original Complaint; and that defendants had pre-paid, not MCI, but defendant Raymond V. Michaels personally to sell the securities.

24. Defendant Targosz owed the following duties, among others, to plaintiff, each of which he breached causing damage to plaintiff:

a. To insure that the information contained in the "prospectus" was accurate and not misleading. In fact, defendant Targosz never reviewed the "prospectus" at any time prior to its publication to the general public or at any time prior to plaintiff's investment;

b. To insure that all funds invested were utilized solely for the investment opportunity described in the "prospectus." In fact, defendant Targosz knew

that funds were not being properly invested and withheld that information from all of the investors and plaintiff in particular; and

c. To advise all investors and plaintiff in particular that defendant Raymond V. Michaels had embezzled money invested by plaintiff and others, as a result of which defendant Targosz allegedly terminated all of his relationships with defendant Raymond V. Michaels on March 30, 2006, without notice to anyone.

25. Plaintiff relied upon the untrue statements of material fact contained in the oral communications, in the Executive Summary and in the "prospectus."

26. The promissory notes were not registered as securities under any applicable Federal or state law and were not exempt from such registration.

## COUNT 1

27. Plaintiff incorporates all of the preceding paragraphs of this Complaint.

28. The promissory notes constitute "securities" within the definition of the Securities Act of 1933, in that the offer and sale of the promissory notes involved the investment of money in a common enterprise with the expectation of profits solely from the efforts of others.

29. The promissory notes were offered and sold in violation of sections 5(a) and 5(c) of the Securities Act of 1933, 15 U.S.C. §§ 77e(a) and 77e(c).

30. PRSI is liable to plaintiff pursuant to section 5(l) of the Securities Act of 1933, 15 U.S.C. § 77l.

31. The individual defendants are jointly and severally liable to plaintiff pursuant to section 5o of the Securities Act of 1933, 15 U.S.C. § 77o.

## COUNT 2

32. Plaintiff incorporates all of the preceding paragraphs of this Complaint.

33. The promissory notes constituted "securities" pursuant to section 401(z) of the Michigan Uniform Securities Act, M.C.L. 451.801(z).

34. The securities were not registered.

35. The securities were sold in violation of section 410(a)(2) of MUSA, M.C.L. 810.410(a)(2).

36. The individual defendants were "agents" of the "issuer," PRSI, pursuant to sections 401(c) and 401(p) of MUSA, M.C.L. 451.801(c), (p), and were "controlling persons" pursuant to section 410(b) of MUSA, M.C.L. 451.810(b).

37. Defendants are jointly and severally liable to plaintiff pursuant to section 410 of MUSA, M.C.L. 451.810.

## COUNT 3

38. Plaintiff incorporates all of the preceding paragraphs of this Complaint.

39. In connection with the offering and sale of the securities, the individual defendants, individually and in their capacity as agents of PRSI, knew or should have known that they were making untrue statements of material fact to plaintiff and were failing to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading.

40. The misrepresentations, omissions and concealment of material facts to plaintiff by defendants were intentionally or recklessly made for the purpose of inducing plaintiff to purchase the securities.

41. Plaintiff reasonably and justifiably relied to its detriment on the truthfulness of defendants' representations and the completeness of their disclosures of material fact and was thereby damaged.

## COUNT 4

42. Plaintiff incorporates all of the preceding paragraphs of this Complaint.

43. Defendants had a duty to ensure that the information they furnished to plaintiff was truthful, accurate and complete.

44. Defendants should have known, through the exercise of ordinary and reasonable care, that their statements to plaintiff were material and were false, misleading and incomplete.

45. Plaintiff reasonably and justifiably relied to its detriment on the truthfulness, accuracy and completeness of the statements made by defendants and was thereby damaged.

## COUNT 5

46. Plaintiff incorporates all of the preceding paragraphs of this Complaint.

47. The promissory notes constitute enforceable contracts.

48. PRSI is in default of both promissory notes. No payment of principal or interest has ever been made to plaintiff on either note.

49. To the extent required, plaintiff has demanded payment of all amounts past due. Amounts past due have not been timely paid in full and the entire principal amount of each note together with interest has been accelerated.

## COUNT 6

50. Plaintiff incorporates all of the preceding paragraphs of this Complaint.

51.   Prior to plaintiff's investment, defendant Targosz assigned the patented process which is the subject of the investment opportunity set forth in the "prospectus," without consideration and without notice to the investors and to plaintiff in particular, to defendant Montie Targosz.

52.   Subsequent to commencement of this litigation, Montie Targosz assigned the patented process which is the subject of the investment opportunity set forth in the "prospectus," without consideration and without notice to the investors and plaintiff in particular, to defendant GPRI and/or to defendant Global Plastics Recovery Processing I, LLC for the purpose of hindering or delaying the claims of plaintiff or otherwise to defraud the creditors of defendants and plaintiff in particular.

**THEREFORE**, plaintiff requests:

A. Entry of a preliminary injunction and at trial, entry of a permanent injunction, restraining and enjoining defendants and all those in concert or participation with them who receive notice of this Court's order from further selling, assigning or transferring the patented process which is the subject of the securities sold;

B. Entry of judgment in favor of plaintiff against defendants, jointly and severally, in the amount of $200,000.00;

C. Interest at the rate of 24% *per annum* from the dates of investment until entry of judgment; and

D. Judgment interest, costs and attorney fees.

> Respectfully submitted,
>
> /s/ Stephen M. Landau
>
> Stephen M. Landau    P16383
> STEPHEN M. LANDAU, P.C.

For Plaintiff
30100 Telegraph Road, Suite 428
Bingham Farms, MI 48025-4564
☏248.358.0870
sml@slandau.com
November 5, 2007